FILED'11 MAR 31 10:22USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Cr. No. 02-60067-HO |
| ) | |
| v. ) | O R D E R |
| ) | |
| PASCUAL DIONICIO JERONIMO, ) | |
| ) | |
| Defendant. ) | |

On November 1, 2002, defendant pleaded guilty to two counts of drug trafficking and entered an admission to a forfeiture count. After the court denied defendant's motion to withdraw the guilty plea, the court sentenced him to 151 months imprisonment followed by three years of supervised release.

Defendant now seeks to reduce his sentence contending that the November 2010 amendments to U.S.S.G. § 4A1.1 provides more lenient treatment of his criminal history by eliminating two points referred to as recency points.

> The court may modify a term of imprisonment if:
>
> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Defendant's criminal history was determined by his career offender status under U.S.S.G. § 4B1.1. As such, his criminal history category must be Category VI. U.S.S.G. § 4B1.1(b). Accordingly, the elimination of the recency points under U.S.S.G. 4A1.1(e) does not provide a basis for reducing defendants criminal history category.[1]

## CONCLUSION

For the reasons stated above, defendant's motion for reduction of sentence (#143) is denied.

DATED this **30th** day of March, 2011.

Michael R. Hogan
United States District Judge

---

[1] Defendant also contends that his counsel was ineffective because of failure to argue that the factors listed under 18 U.S.C. § 3553(a) suggest a more lenient sentence. Leniency is not warranted here for the reasons stated in the government's response (#146). Moreover, an ineffective assistance of counsel claim is more appropriately raised under 28 U.S.C. § 2255.

2 - O R D E R